**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RAHMAAN MONROE,

Plaintiff,

v.

JOHN DOE, Warden and PASSAIC COUNTY SHERIFF'S DEPARTMENT/JAIL,

Defendants.

Civil No. 07-5551 (SRC)

**O P I N I O N**

**APPEARANCES:**

Rahmaan Monroe, *Pro Se*
Hudson County Correctional Center
#189141, A-5-E
35 Hackensack Ave.
Kearny, NJ 07032

**CHESLER, District Judge**

Plaintiff, Rahmaan Monroe, currently confined at the Hudson County Correctional Center, Kearny, New Jersey, seeks to bring this action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915. Based upon Plaintiff's affidavit of indigence and institutional account statement, the Court will grant his application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint will be dismissed, without prejudice.

**BACKGROUND**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. The following facts are taken from Plaintiff's complaint and are assumed true for purposes of this review.

Plaintiff states that on November 29, 2006, while housed at the Passaic County Jail, a routine search of the unit where he was housed was conducted. When the search was completed, Plaintiff noticed that his "store order" bag with over $100 worth of items was no longer under his bed. He went to the unit officer, Victor Hurtado, and asked to speak to someone concerning his order. Officer Hurtado began "disrespecting" him and using racial slurs at him and told him to get away. Plaintiff cursed at Officer Hurtado and walked away.

Then, Sergeant Romeo and "the sort team," presumably the team that conducted the search, came back and asked what the problem was with the order. Plaintiff showed them his receipt for the order, and they told him to come with them. As he was walking, Officer Hurtado punched him in the back of the head from

behind. The other officers jumped on him and handcuffed him, and dragged him into the "lock up area."

Plaintiff then states that:

> Officer Hurtado stayed behind but Sergeant Romeo and the rest of the sort team shot me with their guns, punched, kicked and beat me for what seemed like forever. Once they finish[ed] they [dragged] me to the infirmary to rinse the mace from my eyes and put me back in lock up. I stayed in lock up complaining about pain in my right hand everyday until finally on the eighth day the ombudsmen came and saw that my hand was so badly damaged that he made them take me to the hospital that day. They took me to the hospital that day and the doctor said that it was a must that I stay and have immediate surgery, which I had the following day. I stayed in the hospital for a week and went back to the jail and was put back in lockup with stitches and a bandage on my hand.

Plaintiff seeks compensatory damages. However, Plaintiff names as defendants "John Doe, Warden/Deputy Warden/ Chief" and "Passaic County Sheriff's Department/Jail" only.

## DISCUSSION

### A. Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the

congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice. See Alston v. Parker, 363 F.3d 229 (3d Cir. 2004); Denton v.

Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

**B. Section 1983**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

C. **Plaintiff's Complaint Will Be Dismissed, Without Prejudice.**

Plaintiff alleges facts indicating an excessive force claim, either under the Eighth or Fourteenth Amendments, depending on whether or not Plaintiff was a pretrial detainee at the time of the incident (Fourteenth Amendment applies), or a convicted prisoner at the time of the incident (Eighth Amendment applies). See Bell v. Wolfish, 441 U.S. 520, 535 (1979); Farmer v. Brennan, 511 U.S. 825, 835-36 (1994).

Nevertheless, Plaintiff does not name proper defendants to this action. Plaintiff seeks to sue "John Doe," described as the Warden/Deputy Warden/Chief of the Passaic County Jail. Plaintiff states that he is naming this defendant because "he is aware of the treatment of inmates by the officers of that facility."

It is settled law that supervisory prison personnel may be held liable under § 1983 only if their own actions caused the constitutional deprivation. See Keenan v. City of Philadelphia, 983 F.2d 459, 466 (3d Cir. 1992). A supervisor may be held liable for the actions of subordinates only if the plaintiff can show that the supervisor: (1) participated in violating the plaintiff's rights; (2) directed others to violate them; (3) as the person in charge, had knowledge of and acquiesced in his or her subordinates' violations; or (4) tolerated past or ongoing misbehavior. See Baker v. Monroe Township, 50 F.3d 1186, 1190-91 (3d Cir. 1995); Friedland v. Fauver, 6 F. Supp.2d 292, 302-03

(D.N.J. 1998). Furthermore, where a plaintiff seeks to establish liability based on a supervisor's failure to train or supervise adequately, the plaintiff must show that a need for more or different training or supervision is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train or supervise can fairly be said to represent official policy. See City of Canton v. Harris, 489 U.S. 378, 388-92 (1989); Stoneking v. Bradford Area School Dist., 882 F.2d 720, 724-26 (3d Cir. 1989), cert. denied, 493 U.S. 1044 (1990).

From the facts alleged in the complaint, Plaintiff's claims against defendant John Doe must be based on an impermissible theory of respondeat superior or vicarious liability. See Polk County v. Dodson, 454 U.S. 312, 324 (1981) (stating that a § 1983 claim cannot be based on respondeat superior liability); Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978) (holding that supervisory personnel are liable under § 1983 only if they have some personal role in causing the alleged harms or were responsible for some custom or practice which resulted in the violations). Thus, the claims against this defendant must be dismissed, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Plaintiff should note that "a defendant in a civil rights action must have personal involvement in the alleged wrongs,

liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted). Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). Thus, Plaintiff may move to reopen this case by naming the defendant(s) that were personally involved in the alleged wrongs against him, and/or by alleging facts indicating that the "John Doe" Warden/Deputy Warden/Chief should be held accountable under a supervisor liability theory.[1]

**CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice. See Alston, 363 F.3d at 234 n.7 (stating that with a complaint that makes "little sense," District Court could have dismissed complaint without prejudice, to permit Plaintiff to amend the complaint to make it plain).

---

[1] Furthermore, Plaintiff's claims against the Passaic County Sheriff's Department/Jail will be dismissed, without prejudice, as a jail is not a "person" for purposes of § 1983 liability. See Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976); see also Marsden v. Federal BOP, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (county jail not an entity amenable to suit under 42 U.S.C. § 1983); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (Cook County Jail not a "person" under § 1983); McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890, 893-94 (E.D. Va. 1992) (local jail not a "person" under § 1983).

The Court notes that "generally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action." Martin v. Brown, 63 F.3d 1252, 1257-58 (3d Cir. 1995)(quoting Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976)). In this case, if Plaintiff can correct the deficiencies of his complaint by naming a proper defendant(s), he may file a motion to reopen these claims in accordance with the attached Order.

STANLEY R. CHESLER
United States District Judge

Dated: